FORTEZA, RECURRENTE, *v.* EL REGISTRADOR DE CAGUAS,
RECURRIDO.

RECURSO gubernativo contra nota del Registrador de la Pro-
piedad de Caguas, denegatoria de inscripción de una es-
critura de compra-venta.

No. 487.—Resuelto en abril 5, 1921.

CONTRATOS INSCRIBIBLES—PROMESA DE VENTA—COMPRAVENTA CON CONDICIONES
SUSPENSIVAS Y RESOLUTORIAS.—Estudiado el contrato cuya inscripción negó el
registrador, *se resolvió:* que era más que una promesa de venta, habiéndose
transmitido el dominio, sujeta la transmisión a ciertas condiciones suspensi-
vas y resolutorias no contrarias a la ley ni a la moral, siendo por tanto ins-
cribible en el registro.

Los hechos están expresados en la opinión.

Abogado del recurrente: *Sr. R. Arce.*

El registrador recurrido, Sr. J. A. Vargas, no compa-
reció.

EL JUEZ ASOCIADO SR. DEL TORO, emitió la opinión del
tribunal.

Presentada en el Registro de la Propiedad de Caguas, la
escritura número 115 de "compraventa de finca rústica,"
otorgada el 8 de septiembre de 1920, el registrador se negó
a inscribirla porque el contrato comprendido en la misma
"es en el fondo, una promesa de venta, y dicha promesa
de venta no es inscribible en el registro de la propiedad

de acuerdo con la ley y con la doctrina sentada por la Dirección General de los Registros de España en resolución de 12 de marzo de 1864.'' No conforme el ''vendedor'' con la nota, estableció contra ella el presente recurso gubernativo.

Examinado el documento de que se trata, resulta que habiendo concertado las partes un ''contrato de compraventa'' de cierta finca rústica que se describe, lo realizaron en la siguiente forma:

''COMPRAVENTA.—Primera: Don Benjamín Forteza Segura vende ahora a la Central Defensa, Inc., y sus sucesores y cesionarios la finca rústica reseñada en el hecho primero de esta escritura al efecto de que cumplidas que fueren las estipulaciones todas de este contrato, pase a ser la corporación dicha dueña exclusiva del indicado inmueble.

''PRECIO DE TRANSFERENCIA.—TÉRMINO PARA SATISFACERLO Y CONDICIÓN RESOLUTORIA DEL CONTRATO.—Segunda: El precio que se fija por enajenación de la susodicha finca es de veinticinco mil dólares, cantidad que la Central Defensa, Inc., y sus sucesores y cesionarios se obligan formalmente a pagar al señor Forteza Segura o a sus sucesores en derecho, en esta ciudad de Caguas dentro del término de cinco años, a contar desde esta fecha, sin ningún interés; conviniéndose no obstante, que si al vencer los dos primeros años de los cinco años que se fijan para dejar debidamente consumado este contrato la Central Defensa, Inc., o sus sucesores o cesionarios no hubieren satisfecho o hecho entrega de esos veinticinco mil dólares al señor Forteza Segura, el vendedor tendrá libertad plena, bien para aguardar que transcurran los otros tres años y exigir a la Central Defensa, Inc., el pago de la referida suma de dinero a efectos de que la compraventa quede enteramente consumada; o podrá también dicho vendedor, libremente, buscar otro comprador para la finca y vendérsela desde luego por el precio que le convenga, estipulándose que, llegado ese caso, bastará para rescindir esta negociación de compraventa y dar por totalmente cancelada la inscripción que de la misma se hubiere practicado en el registro de la propiedad a favor de la Central Defensa, Inc., o de sus sucesores o cesionarios, que se presente en el registro de la propiedad el testimonio de la nueva escritura de compraventa otorgada por don Benjamín Forteza Segura o sus sucesores en derecho en favor del otro comprador del inmueble; * * *

"Tercera: Don Benjamín Forteza Segura continuará en la libre posesión material y disfrute de sus terrenos satisfaciendo a su nombre las contribuciones sin tener que pagar ningún canon o renta a la Central Defensa, Inc., hasta que esta corporación o sus sucesores o cesionarios le hagan completo pago de los veinticinco mil dólares, precio de enajenación, y hasta que el vendedor sea también debidamente satisfecho del total importe de los frutos, plantaciones y edificaciones que haya en los terrenos en los momentos en que deba o quiera posesionarse de los mismos la corporación adquirente."

Sostiene la parte apelante que:

"En la escritura que se analiza concurren todos los elementos esenciales que presiden el contrato de compraventa. Pero las partes establecieron dos condiciones, una, suspensiva, y otra, resolutoria; y es esta circunstancia, sin duda la que ha llevado al registrador a la confusión de la verdadera naturaleza del contrato, que acusa su nota denegatoria.

"La condición suspensiva que aquí envuelve o puede traducirse como una obligación a plazo, tiende a retener en el vendedor la posesión material del inmueble en tanto la compradora satisface el precio de enajenación; pero es de verse que para el pago de ese precio se fija un término que la corporación adquirente puede disminuir a su antojo, puesto que no se dice que la entrega del dinero ha de realizarse precisamente al vencer los cinco años que se estipulan sino dentro de ese término; de manera, que queda al arbitrio de la compradora pagar y entrar, seguidamente, en el disfrute material de los terrenos. Y la razón de ese pacto es obvia. El vendedor transfirió su derecho de propiedad sin recibir, de momento, el montante del precio; y no habiéndose fijado tampoco intereses para devengarse durante el plazo de la entrega, se resolvió entonces, como cuestión de equidad, que el enajenante se apropiara los frutos de la finca hasta que la deuda quedara solventada. La estipulación, en el fondo, produce el mismo resultado de una compensación de frutos por intereses del precio de compraventa. Porque si la Central Defensa hubiera pagado, de contado, ese precio, Forteza habríale hecho, en el acto, la entrega material de la finca."

De acuerdo con la ley inscríbense en el registro los títulos traslativos del dominio sobre bienes inmuebles. Una promesa de venta no es un título traslativo, y por consiguiente

no sería inscribible, que es lo único que decide la resolución de la Dirección General de los Registros de España invocada por el registrador, pero el contrato otorgado en este caso es más que una promesa.

Galindo y Escosura, en el tomo 1, página 260, de la cuarta edición de sus "Comentarios," dicen:

"Los títulos por los que más comúnmente se transfiere el dominio son los de compraventa, permuta, donación, anticipo de legítima, dote, sociedad, transacción, cesión, herencia, mejora, legado, servidumbre y adjudicación; pero téngase en cuenta que no son los únicos y que, según el artículo primero del reglamento son inscribibles los contratos que sin tener nombre propio en derecho, modifiquen desde luego, o en lo futuro, alguna de las facultades del dominio sobre inmuebles y demás derechos reales."

El contrato de que se trata no es contrario a la ley, ni a la moral. Afecta a un bien inmueble ya inscrito en el registro. Uno de los fines del registro es que consten públicamente en él todas las transacciones que afecten el dominio o derechos reales sobre inmuebles. Es un hecho que, bajo las condiciones expresadas, quedó afectado el dominio de la finca y es conforme a la ley que la transacción realizada se inscriba en el registro constituyendo la inscripción un aviso a todas las personas que en algún sentido estuvieren interesadas en la misma.

Siendo esto así, opinamos que debe revocarse la nota recurrida y ordenarse la inscripción solicitada.

*Revocada la nota recurrida.*

Jueces concurrentes: Sres. Presidente Hernández y Asociados Wolf, Aldrey y Hutchison.